UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENICE M. COUNT,

       Plaintiff,                                    Hon. Richard Alan Enslen

v.                                                        Case No. 1:05-CV-93

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

       The Commissioner determined that Plaintiff is not disabled as defined by the Act. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 35 years of age at the time of the ALJ's decision. (Tr. 13, 19). She possesses an eleventh-grade education and worked previously as a nurse's aide, assembler, inspector, and machine operator. (Tr. 55, 75-81, 234).

Plaintiff applied for benefits on December 9, 2002, alleging that she had been disabled since July 1, 2001, due to lower back pain. (Tr. 37-39, 54). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 23-36). On August 23, 2004, Plaintiff appeared before ALJ Thomas Walters, with testimony being offered by Plaintiff and vocational expert, Michelle Ross. (Tr. 229-57). In a written decision dated September 24, 2004, the ALJ determined that Plaintiff was not disabled. (Tr. 12-19). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 4-6). Plaintiff subsequently initiated this pro se appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## MEDICAL HISTORY

X-rays of Plaintiff's spine taken on January 15, 2002, revealed "minimal" facet sclerosis, but "normal alignment." (Tr. 214). On January 20, 2002, Plaintiff participated in an MRI

examination of her lumbar spine, the results of which revealed "mild" desiccation at L4-5, but no evidence of malalignment, nerve root entrapment, disc herniation, or spinal stenosis. (Tr. 213).

On February 25, 2002, Plaintiff was examined by Dr. Scott Ashcraft. (Tr. 121-22). Plaintiff reported that she was experiencing back pain which occasionally radiated into her lower extremities. (Tr. 121). Straight leg raising was negative and Plaintiff exhibited normal sensation and motor activity. (Tr. 121-22). Upon "provocative motions" Plaintiff experienced "some" lumbar mechanical pain, but there was no evidence of spasm, masses, or myofascial banding. (Tr. 121). Plaintiff was administered a lumbar epidural injection. (Tr. 122). When examined by Dr. Ashcraft on March 18, 2002, Plaintiff rated her back pain as "1-2 out of 10." (Tr. 119).

On May 31, 2002, Plaintiff was examined by Dr. Ashcraft. (Tr. 114). Plaintiff reported that she was "doing fairly well" until a recent "flare up" of her back pain which she experienced while "planting some flowers." An examination revealed "some sciatic-type symptoms," but "no pathology to correspond to any radicular discomfort." Straight leg raising was also negative. *Id.*

On August 2, 2002, Plaintiff was examined by Dr. Ashcraft. (Tr. 109). Plaintiff reported that "her low back is not bothering her." *Id.* On November 22, 2002, Plaintiff reported that she "has no pain." (Tr. 104).

On November 27, 2002, Plaintiff was examined by Dr. Eric Leep. (Tr. 179-80). Plaintiff reported that she was experiencing back pain. (Tr. 180). Plaintiff exhibited normal gait and station and palpation of her joints and muscles was unremarkable. Plaintiff exhibited decreased range of motion in her lumbar spine, but normal muscle strength and tone. Dr. Leep diagnosed Plaintiff with low back pain and sciatic neuralgia. The doctor scheduled Plaintiff for an EMG

examination to determine whether she suffered from nerve damage. *Id.* On December 17, 2002, Plaintiff participated in an EMG examination, the results of which were "normal" with "no electrodiagnostic evidence of lumbosacral radiculopathy, peripheral polyneuropathy or nerve entrapment." (Tr. 223-24).

On February 3, 2003, Plaintiff participated in a consultive examination performed by Paul Delmar, Ph.D. (Tr. 141-44). Plaintiff reported that she was experiencing migraine headaches, severe chronic low back pain, and depression. (Tr. 141). The results of a mental status examination were unremarkable. (Tr. 143-44). Plaintiff was diagnosed with a depressive disorder and a pain disorder. (Tr. 144). Her GAF score was rated as 60 and her prognosis was characterized as "favorable." *Id.*

On February 24, 2003, Dr. W. H. Van Houten completed a Psychiatric Review Technique form regarding Plaintiff's mental limitations. (Tr. 158-73). Determining that Plaintiff suffered from a depressive disorder and a pain disorder, the doctor concluded that Plaintiff satisfied the Part A criteria for Section 12.04 (Affective Disorders) and Section 12.07 (Somatoform Disorders) of the Listing of Impairments. (Tr. 159-67). The doctor determined, however, that Plaintiff failed to satisfy any of the Part B criteria for these particular impairments. (Tr. 168). Specifically, the doctor concluded that Plaintiff suffered moderate restrictions in the activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and never experienced episodes of deterioration or decompensation in work or work-like settings. *Id.*

Dr. Van Houten also completed a Mental Residual Functional Capacity Assessment form regarding Plaintiff's limitations in 20 separate categories encompassing (1) understanding and

memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaptation. (Tr. 154-55). Plaintiff's abilities were characterized as "moderately limited" in two categories. With respect to the remaining 18 categories, however, the doctor reported that Plaintiff was either "not significantly limited" or that there existed "no evidence of limitation." *Id.*

On July 1, 2003, Plaintiff was examined by Dr. Leep. (Tr. 174). Plaintiff reported that she was continuing to experience lower back pain. Plaintiff exhibited "full range of motion" in the lumbar spine and "full strength" in her lower extremities. The doctor also reported that Plaintiff demonstrated "an exaggerated pain response to a light touch in the lumbar spine." *Id.*

On November 18, 2003, Dr. Thomas Stevenson completed a questionnaire regarding Plaintiff's residual functional capacity. (Tr. 184-86). The doctor reported that Plaintiff can continuously stand for one hour, continuously sit for 2-3 hours, and alternatively sit/stand for 3-4 hours at one time. (Tr. 184-85). He noted that Plaintiff can walk one and one-half miles without stopping and can frequently lift/carry up to 20 pounds. (Tr. 185). Dr. Stevenson also reported that because his responses "had patient input," he would recommend that Plaintiff participate in a "more formal" functional capacity assessment. (Tr. 186).

On February 28, 2004, Plaintiff participated in an MRI examination of her lumbar spine, the results of which revealed "mild" degenerative change at L4-5 with no evidence of malalignment, neural foraminal narrowing, or central canal stenosis. (Tr. 222).

At the administrative hearing Plaintiff testified that she "constantly" experiences headaches, including migraines which can last for 2-3 days. (Tr. 240-41). She also reported experiencing lower back pain which radiates into her lower extremities. (Tr. 241-42). Plaintiff

testified that she can sit for 10-15 minutes, stand for 30 minutes, and walk one mile. (Tr. 246). She also reported that while she experiences difficulty bending over she can lift 20 pounds. (Tr. 247).

## ANALYSIS OF THE ALJ'S DECISION

### A. Applicable Standards

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1420(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

### B. The ALJ's Decision

The ALJ determined that Plaintiff suffers from mild lumbar degenerative disc disease and a depressive disorder, severe impairments which neither alone nor in combination satisfy the

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 15). The ALJ determined that while Plaintiff was unable to perform her past relevant work, there existed a significant number of jobs which she could perform despite her limitations. (Tr. 17-18). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act.

### 1. The ALJ's Decision is Supported by Substantial Evidence

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

As noted above, the Commissioner has established a five-step disability determination procedure. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work activities subject to the following restrictions: (1) she cannot lift or carry more than 20 pounds at one time or more than 10 pounds frequently, (2) she can only occasionally bend, twist, turn, climb, or crawl, (3) she cannot squat or kneel, (4) she cannot

work around unprotected heights or dangerous moving machinery, (5) she cannot perform prolonged walking, (6) and she requires a sit/stand option. (Tr. 17). With respect to Plaintiff's mental impairments the ALJ further concluded that Plaintiff experiences mild restrictions in the activities of daily living, mild difficulties in maintaining social functioning, mild to moderate difficulties maintaining concentration, persistence or pace, and has never experienced episodes of deterioration or decompensation in work or work-like settings. Accordingly, the ALJ concluded that Plaintiff was unable to carry out complex or detailed instructions and is, therefore, able to perform only unskilled work. *Id.* After reviewing the relevant medical evidence, the Court concludes that the ALJ's determination as to Plaintiff's RFC is supported by substantial evidence.

The ALJ determined that Plaintiff was unable to perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964.

While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned vocational expert Michelle Ross.

The vocational expert testified that there existed approximately 37,600 jobs which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 254-55). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990) (a finding that 2,500 jobs existed which the claimant could perform constituted a significant number); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988) (the existence of 1,800 jobs which the claimant could perform satisfied the significance threshold).

a.  The ALJ Properly Evaluated Plaintiff's Impairments

In her pro se pleadings, Plaintiff asserts that she is disabled as a result of: (1) back pain, (2) depression, and (3) side effects from her medication.

First, the medical record contains no evidence suggesting that Plaintiff suffers work-preclusive side effects from her medication. With respect to Plaintiff's depression, the ALJ recognized that such imposes certain limitations on her ability to function. Specifically, the ALJ concluded that Plaintiff experiences mild restrictions in the activities of daily living, mild difficulties in maintaining social functioning, mild to moderate difficulties maintaining concentration, persistence or pace, and has never experienced episodes of deterioration or decompensation in work or work-like settings. The ALJ concluded, therefore, that Plaintiff was limited to the performance of unskilled work. The ALJ's assessment in this regard is consistent with the results of Dr. Delmar's examination of Plaintiff, as well as the conclusions reached by Dr. Van Houten following his review of the medical evidence.

As for Plaintiff's claim of disabling back pain, the Sixth Circuit has long recognized that "pain alone, if the result of a medical impairment, *may* be severe enough to constitute

disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 2004 WL 1745782 at *6 (6th Cir., July 29, 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner]

and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).

It is not disputed that Plaintiff suffers from severe impairments. However, as the ALJ properly concluded, Plaintiff's subjective allegations of disabling pain and limitation are not supported by objective medical evidence. Moreover, while Plaintiff's impairments are severe, the objective medical evidence does not support the assertion that her impairments are "of such a severity that [they] can reasonably be expected to produce the alleged disabling pain." In sum, there exists substantial evidence to support the ALJ's determination that Plaintiff's impairments, either alone or in combination, are not of disabling severity.

Finally, in light of Plaintiff's pro se status, the Court has thoroughly reviewed the record to determine whether the ALJ's decision in this matter was in any way defective or deficient. This review has revealed nothing which calls into question the ALJ's decision making process, the legal standards he applied, or the substantiality of the evidence in support of his decision. Accordingly, while the Court does not doubt that Plaintiff is limited to some degree by her impairments, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Date: December 27, 2005                         /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge